Commonwealth *v.* Jones, Appellant.

*Ronald J. Brockington,* for appellant.

*James J. Wilson, James T. Ranney,* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

Appellant contends that the trial court erred in admitting into evidence the testimony of a woman who he alleged was his common law wife.

Appellant Percy Jones was tried for burglary and aggravated robbery before the Honorable James T. Mc-DERMOTT, sitting without a jury in Philadelphia. During the presentation of the evidence the Commonwealth sought to introduce the testimony of one Paula Archibald. Appellant argued that she should not be allowed to testify against him because she was his common law wife. Miss Archibald was questioned by counsel and the court with respect to this matter. The following constitutes the essence of her testimony: "Miss Archibald: 'We said that we were going to get married, and we told certain people that didn't know we were not married that we were married.' The Court: 'As between yourself, did you say to him, "I marry you," and he said to you, "I marry you?".' Miss Archibald: 'No.' The Court: 'Or did you agree that upon some other day you would get married?' Miss Archibald: 'Yes.' The Court: 'You agreed that you would be some other time?' Miss Archibald: 'Yes.' The Court: 'But that you were not now married?' Miss Archibald: 'We were never married. No.' " The Judge then ruled that Miss Archibald would be allowed to testify. This appeal followed the court's finding that appellant was guilty.

The test to determine whether or not a man and woman are married was set forth in *McGrath's Estate,* 319 Pa. 309, 314, 179 A. 599 (1935): " 'Marriage is in law a civil contract, and does not require any particular form of solemnization before officers of church or state, but *it must be evidenced by words in the present tense,* uttered with a view and for the purpose of establishing the relation of husband and wife. . . .'" (Em-

phasis added).[1] Given Miss Archibald's testimony, there is no question that she and the appellant were never married in the eyes of the law. Thus, the trial court correctly permitted Miss Archibald to testify against the appellant.

The order of the lower court is affirmed.

---

[1] This point of law was restated in *Manfredi Estate*, 399 Pa. 285, 291, 159 A. 2d 697 (1960).